IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ADAM STEVEN KEITH**                                                           **PLAINTIFF**

v.                                          Civil Action No. 1:15-cv-329-JCG

**DEBRA PLATT et al.**                                                         **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BASED ON PLAINTIFF'S FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

BEFORE THE COURT is the Motion for Summary Judgment Based on Plaintiff's Failure to Exhaust Administrative Remedies [45], filed by Defendants Marshall Fisher and Debra Platt. Plaintiff Adam Steven Keith, an inmate in the custody of the Mississippi Department of Corrections ("MDOC"), has filed a Response [52]. An omnibus hearing, which also operated as a *Spears*[1] hearing was held on May 24, 2016. At the omnibus hearing, Plaintiff conceded that he did not exhaust his administrative remedies through the Mississippi Department of Corrections ("MDOC") Administrative Remedy Procedures ("ARP") before filing suit in federal court. For this reason, Plaintiff's case must be dismissed.

DISCUSSION

A.   <u>The Prison Litigation Reform Act</u>

Plaintiff complains regarding the conditions of his confinement and alleges that Defendants violated his constitutional rights. Because Plaintiff is a prisoner pursuing a civil action seeking redress from a governmental entity or officer or

---

[1] *Spears v. McCotter,* 766 F.2d 179 (5th Cir. 1985).

employee of a governmental entity, the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321, H.R. 3019, applies and requires that this case be screened. The PLRA provides in part that "the Court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see* 28 U.S.C. § 1915(e)(2)(B).

B.  The PLRA's Exhaustion Requirement

A centerpiece of the PLRA's effort to "reduce the quantity and improve the quality of prisoner suits" is an "invigorated" exhaustion provision. *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). The PLRA provides:

> No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

"Exhaustion is no longer left to the discretion of the district court, but is mandatory." *Woodford v. Ngo,* 548 U.S. 81, 84 (2006). "The PLRA attempts to eliminate unwarranted federal-court interference with the administration of prisons, and thus seeks to 'affor[d] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.'" *Id.* at 93 (quoting *Porter,* 534 U.S. at 525). Proper exhaustion is required. A prisoner cannot satisfy the exhaustion requirement "by filing an untimely or otherwise

2

procedurally defective administrative grievance or appeal." *Id.* at 83-84.

Exhaustion "is a threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time." *Dillon v. Rogers,* 596 F.3d 260, 272 (5th Cir. 2010). "[J]udges may resolve factual disputes concerning exhaustion without the participation of a jury." *Id.*

C.   <u>Plaintiff admits that he did not exhaust MDOC's ARP</u>

The Mississippi Code grants MDOC the authority to adopt an administrative review procedure at each of its correctional facilities. Miss. Code Ann. § 47-5-801. MDOC has implemented an ARP through which prisoners may seek formal review of a complaint or grievance relating to any aspect of their incarceration. *See* MDOC Inmate Handbook, Ch. VIII, Administrative Remedy Program. Effective September 19, 2010, the ARP is a two-step process. *See Threadgill v. Moore,* No. 3:10cv378-TSL-MTP, 2011 WL 4388832, *3 n.6 (S.D. Miss. July 25, 2011).

Plaintiff admits that he did not fully exhaust MDOC's two-step ARP before filing this suit. Because Plaintiff failed to exhaust his administrative remedies, his Complaint must be dismissed. *See Woodford,* 548 U.S. at 88. "Pre-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted." *Gonzalez v. Seal,* 702 F.3d 785, 788 (5th Cir. 2012).

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion for Summary Judgment Based on Plaintiff's Failure to Exhaust Administrative Remedies [45], filed by Defendants Marshall Fisher and Debra Platt, is

**GRANTED**. Plaintiff's claims against Defendants are dismissed without prejudice.

A final judgment will be entered as required by Federal Rule of Civil Procedure 58.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that all remaining pending motions are denied as moot.

**SO ORDERED,** this the 27th day of May, 2016.

<u>*s/ John C. Gargiulo*</u>
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE